# Erie County Grange et al. *v.* Wales et al., Appellants.

*Trusts and trustees—Gift—Construction—Accounting—Bill in equity.*

A bill in equity filed by a county grange prayed that the defendant be declared trustee of a certain fund and asked for an accounting. The chancellor found on sufficient evidence that the defendants had accepted the fund for the benefit of the "granges and grange organization of (certain named counties) as those granges should decide" and determined that the fund was not a gift or donation to the members of the defendant association, or to the defendant association itself. *Held,* the court properly awarded the relief prayed for.

Argued April 25, 1917. Appeal, No. 134, Jan. T., 1917, by defendants, from decree of C. P. Erie Co., Feb. T., 1913, No. 2, in equity, declaring defendants trustees and directing an accounting in the case of Erie County Pomona Grange No. 4; Crawford County Pomona Grange No. 26; Harborcreek Grange, No. 385; Union Grange, No. 764; and Such other Granges or Grange Organizations of Crawford County, Pennsylvania, or Erie County, Pennsylvania, as have Similar Rights and May Desire to Join Herein v. A. L. Wales, A. H. Olmstead and G. Eugene Heath, Liquidating Trustees of the Keystone Co-operative Association, Limited. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity to have defendants declared trustees and for an accounting. Before ROSSITER, P. J.

The opinion of the Supreme Court states the case.

The lower court entered a decree declaring the defendants trustees and directing that they be required to account for the fund in question. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*T. A. Lamb,* for appellants.

*Frank J. Thomas,* with him *Joseph M. Force,* for appellees.

PER CURIAM, May 14, 1917:

This was a bill filed by plaintiffs to have the Keystone Co-operative Association, Limited, declared a trustee for the plaintiffs for a certain fund delivered to the association by Joseph C. Sibley, and that the association be required to account for the same. The learned chancellor found, on sufficient evidence, "that the defendant, the Keystone Co-operative Association, Limited, in accepting

the fund that was thereafter turned over to it by the said Joseph C. Sibley, accepted the same subject to the condition that the said fund was to be used by the defendant for the benefit of the granges and grange organizations of Erie and Crawford Counties, as those granges should decide, was to be used only for the benefit of those granges, and that it was in no sense a gift or donation to the members of the defendant association or to the defendant association itself." This finding was decisive of the question at issue, and justified the decree which was entered against the defendants.

Decree affirmed.